STANDARD SANITARY MFG. CO. v. IRON CITY MFG. CO.

(District Court, W. D. Pennsylvania. April 28, 1914.)

No. 109.

PATENTS (§ 328*) — VALIDITY — PRIOR USE — DREDGER FOR PULVERULENT MATERIAL.

The Arrott patent, No. 633,941, for a dredger for pulverulent material, held void for prior public use of the device by another than the patentee.

In Equity. Suit by the Standard Sanitary Manufacturing Company against the Iron City Manufacturing Company. On final hearing. Decree for defendant.

Christy & Christy, of Pittsburgh, Pa., for plaintiff.

Fagan & McElroy, James Negley Cooke, and Kay & Totten, all of Pittsburgh, Pa., for defendant.

ORR, District Judge. The plaintiff complains that the defendant has infringed United States patent No. 633,941, issued September 26, 1889, to James W. Arrott, Jr., for a dredger for pulverulent material, which patent is owned by the plaintiff. The main defense relied upon is that the patent is invalid by reason of a prior use. The patent was sustained by the Circuit Court of Appeals of this circuit in J. L. Mott Iron Works v. Standard Sanitary Mfg. Co., 159 Fed. 135, 86 C. C. A. 325. · The nature of the patent is there sufficiently set forth, and the value of the apparatus covered by the patent is there properly emphasized. The defense, however, of prior use in the present case must be sustained.

This court, after an examination of the evidence, is satisfied beyond a reasonable doubt that the apparatus described in the claims of the patent was used in the plant of the Kohler, Hayssen & Stehn Mfg. Co. at Sheboygan, Wis., as early as the year 1896, and more than three years before the application for the patent in suit was filed. The users were manufacturers of enameled ware. They installed in 1895 or 1896 a system for the use of compressed air. Prior to the time of the installation of the system it occurred to· Mr. Hayssen that compressed air could be used to operate a pneumatic hammer, which should be located upon the handle of the dredger, which would cause the sieve to be vibrated so as to make a uniform distribution of the enameling material through the sieve upon the article to be enameled. Hayssen built the pneumatic hammer, tested it with a beer pump in a neighboring saloon, because of the absence of compressed air at that time in the factory, and found that it would work. It was subsequently attached to the handle of a dredge, and was operated in the factory for the manufacture of commercial products for some years. The testimony is conclusive as to these facts. Hayssen, who designed the hammer, and numerous persons who had used the hammer and persons who had seen it used, all testified to these facts, fixing the date of its first use in 1896. But the matter does not rest solely upon the parol testimony of these witnesses. The identical hammer and connections

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

just as used at that time and long afterwards were produced in this court. In addition, there was produced in evidence an original letter from Mr. E. L. Dawes, then of the firm of Dawes & Myler, but now vice president of the plaintiff company, addressed to the Kohler, Hayssen & Stehn Mfg. Co., under date of November 22, 1899, in which he used the following language:

"When at your place about two years since, Mr. Hayssen told us about the air valve that he had gotten possession of, using the same on a dredge for the purpose of dusting the powder on your work, and that the party having the valve then refused to sell it, or did something similar to this. Now what we are after is that the S. M. Company claim a patent on a pneumatic dredger. We have no desire whatever to steal any one's invention. At the same time it strikes us that you had tried this prior to their application for a patent. Will you kindly advise us as to this at once and oblige, Yours truly, E. L. Dawes."

The plaintiff, at least as early as 1905, had information of the use of the machine of the patent at Sheboygan, and never instituted any proceedings to test the validity of the use by the Sheboygan manufacturers, although it appears in evidence they were important competitors of the plaintiff. In every aspect of the case this court must hold the patent to be invalid by reason of the prior use at Sheboygan.

This is also the view of Judge Hollister in an opinion filed February 28, 1912, as certified to this court in the case of Wayman v. Louis Lipp Company, wherein the same patent was involved. By stipulation the same testimony as presented in the case now under consideration was used in that case. After commenting upon the seriousness of holding a prior use to be established by evidence appearing in affidavits, Judge Hollister says:

"But I am unable to escape conviction amounting to moral certainty that the complainant's very apparatus in cruder form, but probably quite as effective in operation, was made by Mr. Hayssen and was in use in the factory of Kohler, Hayssen & Stehn, at Sheboygan, Wis., prior to the time the patent in suit was granted. There is a wealth of evidence from workmen in that factory, both those who used the apparatus and those who saw it in use."

His decision was upon a motion for a preliminary injunction which he denied, notwithstanding the fact that the patent had been sustained in other jurisdictions. The case at bar was tried at length upon the testimony of witnesses who had been subjected to rigid cross-examination. Plaintiff did contend that the use at Sheboygan never passed beyond the experimental stage, but this court must find the fact to be otherwise, in view of the overwhelming testimony to the contrary.

The bill must be dismissed, at plaintiff's costs.